**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOANNA DENISSE ISUNZA MARTINEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2012-G** |
| | ) | |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Joanna Denisse Isunza Martinez, a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Mexico, entered the United States on or about July 26, 2020, near San Antonio, Texas. Doc. 8-1 at 2 (ICE Encounter Summary). She entered on a B-2 nonimmigrant visa as a Visitor for Pleasure. *Id.* Petitioner was authorized to remain in the United States until January 25, 2021. *Id.* She did not depart the United States by that date. Doc. 8-3 at 1 (Notice to Appear).

On July 15, 2026, Petitioner was released from detention at the Tulsa County Jail on state criminal charges after posting a bond.[2] Pet. at 2, 6; Doc. 8-1 at 5.[3] She was immediately taken into ICE custody pursuant to a warrant issued on July 15, 2026. Pet. at 2, 6; Doc. 8-1 at 5; Doc. 8-2 at 1 (Warrant). The same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged her with being a nonimmigrant under 8 U.S.C. § 1101(a)(15) who remained in the United States longer than permitted. Doc. 8-3 at 1.

---

[2] Petitioner alleges her transfer from state detention to ICE detention was on July 13, 2026. Pet. at 8. Respondents indicate she was transferred on July 15, 2026. Doc. 8-1 at 5. It is not possible that Petitioner was transferred to ICE custody upon posting a bond on her state court charges before July 15, 2026, because she did not post a bond in state court until July 15, 2026. *See* OSCN Docket, *State v. Isunza*, No. CM-2026-2405 (Tulsa Cnty.), *at* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CM-2026-2405&cmid=3893050 (last accessed Sept. 18, 2026) ("Cash bond for Isunza, Joanna posted by Flores, Erica, Count Number 1, in the amount of $1,000.00, posted 07/15/2026." (citation modified)).

[3] Citations to the Petition, Doc. 1, including Petitioner's "Separate Legal Argument" attached to the Petition, utilize the CM/ECF page numbers from the document's header.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledges that *Santillan Quiroz* "control[s]." Resp. at 1 & n.1. Petitioner does not indicate she requested a bond hearing. Respondents indicate Petitioner "lodged a request for an immigration judge to review her custody determination" but Respondents' counsel has "no updates on this request for a bond hearing." Resp. at 1-2; *see* Doc. 8-4 at 1 (Notice of Custody Determination) (indicating, on July 15, 2026, Petitioner "requested an immigration judge review [her] custody determination" (citation modified)). A bond hearing request would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Based on Respondents' failure to affirm Petitioner was provided a bond hearing, the undersigned presumes no bond hearing has occurred.

On September 8, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Sept. 18, 2026). Any appeal to the Board of Immigration Appeals is due by October 8, 2026. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. She does not appear on the ICE Online Detainee Locator System currently, but the Court presumes she remains detained there given the recency of the IJ's removal order and no advisement by Respondents of her transfer or removal. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 18, 2026) (returning zero search results for Petitioner); Doc. 6 at 2

(requiring Respondents to "file written notice at least forty-eight hours before removing, transferring, relocating, or otherwise moving Petitioner").

## II. Petitioner's Claims

Petitioner asserts one count in her Petition. She alleges her continued detention is unlawful because her transfer to ICE custody occurred after a state court judge had ordered her released and because her ICE detention began "without constitutionally adequate process." Pet. at 6, 8. Petitioner also alleges she was not presented with a judicial warrant before being placed into ICE detention. *Id.* The undersigned construes Petitioner's claim to assert violations of (i) her rights to due process and (ii) the Immigration and Nationality Act ("INA")—i.e., that continued detention under 8 U.S.C. § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like her, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Respondents understood Petitioner's claim similarly and have addressed these issues. Resp. at 1-2 (stating "Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226" and requesting the Court not consider her "constitutional claims"). The undersigned further construes Petitioner's claim to assert she was arrested without a warrant.

Petitioner asks the Court to grant her "Petition for a Writ of Habeas Corpus and order [her] immediate release." Pet. at 8. Alternatively, Petitioner asks the Court to order Respondents to provide her "an opportunity to challenge [her ICE] detention." *Id.* at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A) while submitting *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "control[s]." Resp.

at 1 & n.1. The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla. Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner was entitled to a bond hearing under § 1226(a)).[4]

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

### B. The proper remedy is a bond hearing.

Petitioner seeks "release from detention" or, alternatively, asks that the Court order Respondents to provide her "an opportunity to challenge [her] detention." Pet. at 7-8 (citation modified). The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[5]

---

Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

**C. Petitioner's due process claims do not warrant relief.**

Petitioner asserts her due process rights were violated because she was arrested "without a judicial warrant." Pet. at 6. Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). However, Respondents submitted a copy of the warrant dated July 15, 2026. Doc. 8-3 at 1. Petitioner has not demonstrated any deficiency in the warrant. As such, the Court should deny her claim for relief based on a warrantless arrest.

Petitioner also argues her continued detention without a bond hearing violates her rights to due process. Pet. at 8. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claims based on her continued detention. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

**V. Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 25, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's

objections, such response must be filed not later than **September 30, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE